UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRON LITTLMANE FLOYD,

    Plaintiff,                                            Case No. 1:07-cv-478

v                                                            HON. JANET T. NEFF

J. FERGUSON, et al.,

    Defendants.
_____/

## **OPINION**

Plaintiff filed his complaint in May 2007, alleging various civil rights violations including violations of due process, equal protection, and the Eighth Amendment arising from a January 26, 2007 incident in prison. Defendants Corrections Officer J. Ferguson, Corrections Officer K. Wood, Corrections Officer Unknown Greenfield, Corrections Officer B. Wolever, Corrections Officer Daniel Stine, Corrections Officer Brian Chaffee, Corrections Officer D. Watkins, Captain Unknown Sanchez, Anne Maroulis, R.N., and Betty Kemp, R.N. moved for summary judgment in January 2008 on the grounds that (1) plaintiff failed to present sufficient evidence of his claims, (2) defendants are entitled to qualified immunity, and (3) defendants Greenfield, Sanchez, Maroulis, Kemp, and Watkins lacked personal involvement in this matter. Plaintiff conceded in his response to their motion that defendant Kemp was not involved in the alleged incident.

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on August 29, 2008, recommending that this Court grant the motion as to all defendants. The Magistrate Judge found that the record supported defendants' assertion that the force used on

plaintiff on January 26, 2007 was "necessary" and that plaintiff did not suffer any serious injury as a result. Report and Recommendation at 10. The Magistrate Judge concluded that there was no genuine issue of material fact that plaintiff was not subjected to excessive force. *Id.* at 11. Moreover, the Magistrate Judge concluded that because there was no genuine issue of material fact that defendants did not violate plaintiff's Eighth Amendment rights in this case, defendants are entitled to qualified immunity. *Id.* at 15.

The matter is presently before the Court on plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.

Plaintiff's objections encompass his argument that he did not receive a response to his discovery requests that would have assisted him in showing that a genuine issue of material fact exists. Plaintiff argues that without further discovery having been conducted, the Magistrate Judge erred in concluding that he failed to demonstrate a genuine issue of material fact that would preclude summary judgment. Plaintiff also argues that he is entitled to a determination about his discovery requests before a determination is made as to the defense of qualified immunity.

On July 14, 2008, in light of defense counsel's representation that he would be filing a potentially dispositive motion, the Magistrate Judge granted defendants' Motion to Stay Discovery pending further order (Dkt 36). In his order, the Magistrate Judge instructed plaintiff to indicate in his supplemental response to the dispositive motion "what facts he believes might be revealed in discovery which will support his cause."

Plaintiff filed a supplemental response to defendants' Motion to Stay Discovery on July 21,

2008 (Dkt 39). Plaintiff requested discovery of the video of the incident to show: the extent of the alleged attack, that he was not the aggressor, that he was fully restrained when attacked, and that he posed no threat to the guards. Plaintiff also requested photographs that were taken of his injuries and his medical records to show: the extent of his injuries; prisoner grievances filed over the last 10 years; all critical incident reports relating to "self imposed restraints;" and the personnel files of all defendants to show a pattern of staff corruption and brutality. In addition, plaintiff requested discovery of the measurements from the cell door to the bed. Plaintiff asserted that discovery of these materials would allow him to show a "genuine issue of material fact" regarding his Eighth Amendment claim. (Pl. Supp. Resp. at 2).

The Magistrate Judge did not address plaintiff's Supplemental Response to defendants' Motion to Stay Discovery either in his Report and Recommendation issued approximately one month later nor in any other order. The existence of the requested items of discovery and how the items pertain to this action remains unresolved. Because there is a possibility that the requested materials, if they exist, might reveal a genuine issue of material fact, this matter is remanded to the Magistrate Judge to address the plaintiff's Supplemental Response to defendants' Motion to Stay Discovery.  On remand, the Magistrate Judge's immunity analysis, which was dependent upon his conclusion that there was no genuine issue of material fact that defendants did not violate plaintiff's Eighth Amendment rights in this case, must also be reconsidered. This Court notes that the Magistrate Judge wholly omits discussion of plaintiff's remaining claims. Defendants addressed plaintiff's remaining claims in cursory fashion. Defendants state in their motion only that "[t]he other allegations as to these defendants have all either been shown not to be true or they do not state constitutional claims." (Df. Mot. for Summary Judgment at 8).

The Court approves and adopts the portion of the Report and Recommendation as to Defendant Kemp as its own Opinion. The Court directs the Magistrate Judge to reconsider the Motion for Summary Judgment as to the remaining movants after further proceedings consistent with this Order.

The Court finds that plaintiff's February 19, 2008 motion to have his court papers notarized is therefore not moot but should be granted inasmuch as the request is consistent with the provisions of Michigan Department of Corrections, Policy Directive 05.03.116.

An Order will be entered consistent with this Opinion.


Date: November 25, 2008 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRON LITTLMANE FLOYD,

    Plaintiff,                                    Case No. 1:07-cv-478

v                                                  HON. JANET T. NEFF

J. FERGUSON, et al.,

    Defendants.

_____/

## **ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the objections (Dkt 42) are GRANTED. The portion of the Report and Recommendation (Dkt 41) as to defendant Kemp is APPROVED and ADOPTED as the Opinion of the Court, but the remainder of the Report and Recommendation (Dkt 41) is REJECTED.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 22) is GRANTED only as to defendant Kemp for the reasons stated in the Report and Recommendation. The Magistrate Judge shall reconsider the Motion for Summary Judgment (Dkt 22) as to the remaining movants after further proceedings consistent with this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Have Court Papers Notarized to Varify [sic] Plaintiff['s] Signature (Dkt 28) is GRANTED in accordance with the provisions of Michigan Department of Corrections, Policy Directive 05.03.116.


Date: November 25, 2008           /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge