UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRON LITTLMANE FLOYD,

       Plaintiff,                                    Case No. 1:07-cv-478

v.                                                  HON. JANET T. NEFF

J. FERGUSON, et al.,

       Defendants.
_____/

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officers J. Ferguson, K. Wood, Unknown Greenfield, B. Wolever, Daniel Stine, Brian Chaffee, D. Watkins, and Captain Unknown Sanchez; nurses Anne Maroulis, R.N., and Betty Kemp, R.N.; the Michigan Parole Board; and Michigan Department of Corrections Director Patricia Caruso. Plaintiff's complaint alleges a violation of his Eighth Amendment rights as a result of an assault by corrections officers on January 26, 2007 at the Ionia Maximum Correctional Facility (ICF) (Dkt 1).[1]

On November 25, 2008, the undersigned entered an Order granting summary judgment of Plaintiff's Eighth Amendment claim as to Defendant Kemp, but denying it as to the remaining

---

[1] Plaintiff's claims against Defendant Michigan Parole Board and Defendant Caruso were previously dismissed in an Opinion and Order by the Honorable Gordon J. Quist on August 8, 2007 (Dkts 4, 5). Of Plaintiff's remaining claims, Judge Quist concluded that Plaintiff was entitled to proceed with his Eighth Amendment claim against Defendants J. Ferguson, K. Wood, (Unknown) Greenfield, B. Wolever, Daniel Stine, Brian Chaffee, (Unknown) Sanchez, Anne Maroulis, Betty Kemp, and D. Watkins (Dkt 4 at 13-14).

Defendants in order to give Plaintiff a chance to discover materials that would assist him in being able to show the existence of a genuine issue of material fact for trial (Dkt 44). Following discovery, on March 18, 2009, Defendants filed a second motion for summary judgment, on the ground that there is no genuine issue of material fact for trial and Defendants are therefore entitled to judgment as a matter of law (Dkts 54, 55). Defendants also argued that they are entitled to qualified immunity (*id.*). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant Defendants' Second Motion for Judgment and that this case be dismissed in its entirety (Dkt 72 at 13).

This matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Plaintiff enumerates four objections to the Magistrate Judge's Report and Recommendation (Dkt 73). These objections can be condensed into three general arguments. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

First, Plaintiff argues that the Magistrate Judge failed to consider certain evidence, including plaintiff's affidavit, documents such as log book entries, and a video, which, if considered, would have raised a genuine issue of material fact for trial (Dkt 73 at 2, 10). Specifically, Plaintiff argues that the Magistrate Judge failed to consider evidence of, and the significance of, the time frame in which Plaintiff was in restraints and the time frame in which Defendants forcibly placed Defendant in his cell, particularly in light of the small size of his cell, in support of plaintiff's claim that he was assaulted by corrections officers (Dkt 73 at 7). Plaintiff further contends that the Magistrate Judge

2

disregarded evidence that it is a pattern for ICF staff to leave prisoners in restraints as punishment and that the design of the restraints is barbaric (Dkt 73 at 10). Plaintiff's arguments fail.

The Magistrate Judge thoroughly analyzed plaintiff's Eighth Amendment claim in light of the evidence and the legal standards. The Magistrate Judge considered evidence presented by both parties, which included detailed incident reports describing the events and the parties involved. The Magistrate Judge found that Plaintiff's own evidence "show[ed] that Plaintiff was escorted to his cell after verbally threatening staff and assaulting staff," Plaintiff "spit at staff when they attempted to remove his restraints," and that Plaintiff "refused to allow restraints to be removed" until 10:09 p.m. (Dkt 72 at 11). After considering the evidence in detail, the Magistrate Judge concluded that there was no genuine issue of material fact for trial: that the force used on plaintiff was the result of his behavior and necessary to manage him safely; that plaintiff remained in restraints because of his refusal to cooperate with staff; and that plaintiff did not suffer a serious injury (*id.* at 12). Plaintiff's objection is therefore denied.

Likewise, Plaintiff argues that the Magistrate Judge erred in failing to consider Plaintiff's Exhibit #1-D, in which Sergeant Pierce states that he "thinks he took pictures of a few small cuts and scrapes on plaintiff's hands and face in response to plaintiff's report of having assaulted staff [sic?] earlier in the day" (Dkt 68 #11 at 1-2). Plaintiff argues that Sergeant Pierce's admission to taking pictures of "a few small cuts and scrapes" raises a material issue of genuine fact is support of Plaintiff's Eighth Amendment claim (Dkt 73 at 9). However, evidence of minor cuts and scrapes does not create a genuine issue of material fact concerning "the unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5-7 (1992); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (holding evidence that is "merely

colorable, … or is not significantly probative," is not sufficient to avoid summary judgment). Therefore, Plaintiff's contention is without merit.

Second, Plaintiff argues that the Magistrate Judge erroneously concluded that Plaintiff needed to show a "serious injury" to prove a violation of his Eighth Amendment right (Dkt 73 at 19). The Magistrate Judge did not require Plaintiff to show a "serious injury." Rather, the Magistrate Judge properly applied the seminal United States Supreme Court cases of *Hudson, supra,* and *Rhodes v. Chapman*, 452 U.S. 337 (1981), which prohibit conditions of confinement that involve "unnecessary and wanton infliction of pain," including that which is "totally without penological justification" *Rhodes*, 452 U.S. at 346. The Magistrate Judge found that the use of force in the instant case did not fall within these categories of excessive force (Dkt. 72 at 5, 12). In this same vein, Plaintiff essentially disputes the Magistrate's finding that there is a penelogical justification for the use of restraints and force (Dkt 73 at 5-6, 9, 11). However, this argument reiterates the same facts that were considered, and rejected, by the Magistrate Judge. Plaintiff does not object to any defect in the Magistrate Judge's analysis. Therefore, this objection is denied.

Third, Plaintiff argues that the Magistrate Judge erred in considering reports written by Defendants, because these documents are not reliable (Dkt 73 at 22, 25). Plaintiff claims that these reports were falsified and part of an effort by Defendants to cover-up "beating [P]laintiff" (Dkt 73 at 23-24). Plaintiff contends that contradictory statements in the reports and misconducts create a genuine issue of material fact whether plaintiff presented a threat to the officers and whether the misconduct tickets were written to cover up their unprofessional conduct (Dkt 73 at 24). However, these contentions do not undermine the Magistrate Judge's conclusions and are insufficient to survive summary judgment. *Anderson*, 477 U.S. at 248 (under FED. R. CIV. P. 56(e), a party

4

opposing summary judgment "'may not rest upon the mere allegations or denials'" but "'must set forth specific facts showing that there is a genuine issue for trial'") (citation omitted). This objection is therefore denied.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**IT IS HEREBY ORDERED** that the Objections (Dkt 73) are DENIED and the Report and Recommendation (Dkt 72) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS HEREBY ORDERED** that Defendants' Second Motion for Summary Judgment (Dkt 54) is GRANTED and that this case be DISMISSED in its entirety.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Judgment will be entered in accordance with this Opinion and Order.


DATED: March 10, 2010         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge